UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTHEW BLAKE MORROW,

        Plaintiff,

    v.

CITY OF FREMONT POLICE DEPT.,

        Defendant.
_____/

No. C-13-0081 EMC (pr)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND**

## I. INTRODUCTION

Matthew Blake Morrow, an inmate currently at the Federal Detention Center in Dublin, California, filed this *pro se* civil rights action under 42 U.S.C. § 1983. His complaint is now before the Court for review under 28 U.S.C. § 1915A.

## II. BACKGROUND

In his complaint, Mr. Morrow alleges that he was subjected to excessive force on August 9, 2012 during his arrest by unnamed officers from the Fremont Police Department. He alleges the following: Fremont Police Department officers came to his home under the impression that he was a fugitive named Leroy. An officer entered the apartment and "ran, forcefully, at" Mr. Morrow. Docket # 1, p. 1. This caused the already-suicidal Mr. Morrow to become more manic and to grab a knife in an attempt to commit suicide. The police held Mr. Morrow at gunpoint and shot him with a taser four times. After he passed out upon being tased in the neck, Mr. Morrow "was hit numerous times with batons and flashlights," from which he sustained a broken arm. *Id.*

### III. DISCUSSION

A federal court must engage in a preliminary screening of any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. *See* 28 U.S.C. § 1915A(a). In its review the court must identify any cognizable claims, and dismiss any claims which are frivolous, malicious, fail to state a claim upon which relief may be granted, or seek monetary relief from a defendant who is immune from such relief. *See id.* at § 1915A(b). *Pro se* pleadings must be liberally construed. *See Balistreri v. Pacifica Police Dep't*, 901 F.2d 696, 699 (9th Cir. 1990).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two elements: (1) that a right secured by the Constitution or laws of the United States was violated and (2) that the violation was committed by a person acting under the color of state law. *See West v. Atkins*, 487 U.S. 42, 48 (1988).

A claim that a law enforcement officer used excessive force in the course of an arrest or other seizure is analyzed under the Fourth Amendment reasonableness standard. *See Graham v. Connor*, 490 U.S. 386, 394-95 (1989); *Forrester v. City of San Diego*, 25 F.3d 804, 806 (9th Cir. 1994). "Determining whether the force used to effect a particular seizure is 'reasonable' under the Fourth Amendment requires a careful balancing of '"the nature and quality of the intrusion on the individual's Fourth Amendment interests"' against the countervailing governmental interests at stake." *See Graham*, 490 U.S. at 396 (citations omitted).

The complaint fails to state a claim against the lone named defendant, the City of Fremont Police Department. There is no respondeat superior liability under § 1983, i.e. no liability under the theory that one is liable simply because he employs a person who has violated plaintiff's rights. *See Monell v. Dep't of Social Servs.,* 436 U.S. 658, 691 (1978)*; Taylor v. List*, 880 F.2d 1040, 1045 (9th Cir. 1989). The City of Fremont Police Department does not have liability based solely on the fact that it employed the alleged wrongdoing officer(s).

However, local governments, such as the City of Fremont (and its arm, the City of Fremont Police Department), are "persons" subject to liability under 42 U.S.C. § 1983 where official policy or custom causes a constitutional tort, *see Monell,* 436 U.S. at 690. To impose municipal liability

under § 1983 for a violation of constitutional rights, a plaintiff must show: (1) that the plaintiff possessed a constitutional right of which he or she was deprived; (2) that the municipality had a policy; (3) that this policy amounts to deliberate indifference to the plaintiff's constitutional rights; and (4) that the policy is the moving force behind the constitutional violation. *See Plumeau v. School Dist. #40 County of Yamhill*, 130 F.3d 432, 438 (9th Cir. 1997). Plaintiff has not made any such allegations. The municipal defendant is dismissed. Plaintiff is granted leave to file an amended complaint in which he may attempt to allege a *Monell* claim against City of Fremont.

If Mr. Morrow wants to sue the individual officer(s) who used force on him, he must provide the name of each such officer in his amended complaint. If he knows an individual officer's badge number, he should provide that information also. He might obtain this information, for example, from his arrest report. It is up to the Plaintiff to investigate and prosecute his case; the Court does not do it for him.

## IV.   CONCLUSION

The complaint fails to state a claim upon which relief may be granted against any named defendant. Leave to amend will be granted so that Plaintiff may attempt to state a claim against the municipality and to name the individual officers who allegedly used excessive force on him. The amended complaint must be filed no later than **May 31, 2013**, and must include the caption and civil case number used in this order and the words AMENDED COMPLAINT on the first page. Plaintiff is cautioned that his amended complaint must be a complete statement of his claims. *See Lacey v. Maricopa County*, 693 F.3d 896, 928 (9th Cir. 2012) (en banc) ("For claims dismissed with prejudice and without leave to amend, we will not require that they be repled in a subsequent amended complaint to preserve them for appeal. But for any claims voluntarily dismissed, we will consider those claims to be waived if not repled.") Failure to file the amended complaint by the deadline will result in the dismissal of the action.

IT IS SO ORDERED.

Dated: April 25, 2013

_____
EDWARD M. CHEN
United States District Judge