UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

MATTHEW BLAKE MORROW,            No. C-13-0081 EMC (pr)

       Plaintiff,

  v.                                      **ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION**

CITY OF FREMONT POLICE DEPT.,

       Defendant.
_____/

       This action was dismissed on September 9, 2013 because Plaintiff had not kept the Court informed of his current address since at least May 5, 2013, when the Post Office returned as undeliverable mail that had been sent from the Court to Plaintiff on April 25, 2013.

       On October 3, 2013, Plaintiff filed a motion to reconsider in which he asked the Court to vacate its dismissal order because he had been moved several times and had not notified the Court of his address changes due to his address "constantly changing" and he "never [knew] the length [he'd] remain in one place." Docket # 11 at 1. He also asked for a 90-day extension of time to prepare the amended complaint that the Court's April 25, 2013 order had commanded him to file.

       Plaintiff has not shown cause for the Court to reconsider and vacate its order of dismissal. Plaintiff was required to inform the Court each time his address changed; the fact that it changed several times only meant that he needed to file several notices of change of address. Although Plaintiff urges that his address was "constantly changing," his description of his address changes show that the address changed only three times in seven months. Sending in three notices of change

of address in seven months would have been, at most, a minimal burden for Plaintiff. It is no excuse that one does not know how long one will remain in a facility, because he can just file a new notice of change of address each time he is moved to a new facility. It is the very fact that prisoners are moved around that makes it especially important that a prisoner-litigant promptly notify the Court every time his address changes so the Court can reach him.

Further, Plaintiff's motion shows that he is not ready to resume litigating now. He wants to postpone the deadline for his amended complaint for 90 days, until a month after his expected release date. However, ninety days might not be nearly enough because the BOP's website indicates that his projected release date is not until April 3, 2014. That is an unacceptably long delay in light of what Plaintiff was ordered to do. Plaintiff's complaint had alleged that he was subjected to excessive force during his August 9, 2012 arrest by unnamed officers from the Fremont Police Department. The order of dismissal with leave to amend explained that he had not stated a claim against the lone defendant, the City of Fremont Police Department, and described what he needed to allege to state a claim for municipal liability and stated that he could add individual officers as defendants. The information he is required to provide in his amended complaint does not require 90 days (or more) to gather.

When a Plaintiff files a complaint, he must then and there be ready to diligently prosecute his case. The fact that Plaintiff waited five months to contact the Court about a change of address, and still is not ready to file an amended complaint with very basic information about his case, convinces the Court that the motion for reconsideration must be **DENIED**. (Docket # 11.) The dismissal of this action was without prejudice, which means that Plaintiff can file a new action when he is ready to diligently prosecute his claim(s). The Court does not address the statute of limitations.

IT IS SO ORDERED.

Dated: December 10, 2013

EDWARD M. CHEN
United States District Judge

2